**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

BRANDON ROBERTS,                        \*
           Plaintiff

                                      \*

      v.                             Civil Action No.: ELH-15-1906

                                      \*

SGT. JULIE M. THRASHER, et al.,
           Defendant                 \*

                                  \*\*\*\*\*\*

**<u>MEMORANDUM</u>**

On July 6, 2015, the self-represented plaintiff, Brandon Roberts, filed a Notice of Removal from the Circuit Court for Baltimore City with respect to a case that plaintiff initiated in January 2015.   ECF 1-4.   The substance of the underlying case that plaintiff seeks to remove is a prisoner civil rights claim arising in January 2012 during his incarceration at the North Branch Correctional Institution.   ECF 1 at 3.   It appears that, by order entered March 23, 2015, plaintiff's State case was dismissed.   ECF 1-2 at 2.   Thereafter, plaintiff's original State complaint against eight defendants was refiled in this Court.   ECF 1.   Plaintiff's attempt to remove the case to this court must fail.

Pursuant to 28 U.S.C. § 1446(a), "[a] **defendant or defendants** desiring to remove any civil action from a State court shall file in the district court of the United States... a notice of removal...." (Emphasis added).   A plaintiff may not remove to this Court a case that he previously instituted in State court.

To the extent plaintiff intended his filings to constitute a new civil rights case, the matter is also subject to dismissal. The *Rooker-Feldman* doctrine prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

U.S. 280, 284 (2005);[1] *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015).  In

other words, the *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising

appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463

(2006).  Thus, "the doctrine forbids claims that 'seek [ ] redress for an injury caused by the state-

court decision itself' because they 'ask[ ] the federal district court to conduct an appellate review

of the state-court decision.'"  *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting

*Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)) (alterations in *Adkins*);

*accord Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).   The doctrine

derives from 28 U.S.C. § 1257, a federal statute that vests the United States Supreme Court with

jurisdiction to hear appeals from state court decisions in cases raising questions of federal law.

*See Adkins*, 464 F.3d at 463-64.

Ordinarily, a party to a state court proceeding is able to raise objections on the basis of

applicable federal law or federal constitutional provisions in the state proceeding.  "'Under our

system of dual sovereignty, . . . state courts have inherent authority, and are thus presumptively

competent, to adjudicate claims arising under the laws of the United States.'"  *Bullock v.

Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*,

494 U.S. 820, 823 (1990)) (emphasis omitted).  Moreover, Maryland law provides for appellate

review, in Maryland state courts, of adverse decisions of a Maryland circuit court.  *See* Md. Code

(2013 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article.   Therefore, the

---

[1] The name of the *Rooker-Feldman* doctrine derives from the two leading Supreme Court cases in which it has been articulated and applied: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

*Rooker-Feldman* doctrine precludes a federal district court from short-circuiting that process and directly reviewing the judgment of a state court. *See Stillwell*, 336 F.3d at 319 ("[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts."). Thus, to the extent that plaintiff seeks, in essence, to appeal in federal court the Maryland court's rejection of his claims, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to consider such a suit.

*Exxon-Mobil Corp. v. Saudi Basic Indus. Corp., supra*, 544 U.S. 280, confirmed that the *Rooker-Feldman* doctrine bars federal actions "complaining of injuries *caused by state-court judgments*" themselves. *Id.* at 284 (emphasis added). But, it does not apply to federal actions that are merely parallel to concurrent state court actions, and which complain of the same alleged injuries that occurred outside of the judicial process. "When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Id.* at 292.

Thus, to the extent that plaintiff does not effectively seek appellate review of the decision in the State action, but merely seeks to assert in this Court the same claims as he asserted in the State court, the *Rooker-Feldman* doctrine would not bar his suit. Nevertheless, the *Exxon-Mobil* Court made plain that, even where the *Rooker-Feldman* doctrine does not apply, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law," and that the "Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that

State would give.'"  *Id.* at 293 (citation omitted).

Therefore, even if the *Rooker-Feldman* doctrine does not bar plaintiff's suit, it is barred by the doctrine of claim preclusion, also known as "res judicata."   The   Latin   phrase   "*res judicata*," translated literally into English as "a thing decided," *see* BLACKS LAW DICTIONARY 1470 (rev. 4th ed. 1968), is the name of a legal doctrine that "bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008).   The doctrine was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'"  *Id.* at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)); *see also Montana v. United States*, 440 U.S. 147, 153-54 (1979) (recognizing that res judicata avoids the "expense and vexation attending multiple lawsuits, conserves judicial resources," and avoids "inconsistent decisions"). In other words, it "serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citation omitted).   Accordingly, where a court "'is on notice'" that the issues presented in a suit have been "'previously decided . . . , the court may dismiss the action *sua sponte*,'" *i.e.*, on its own initiative. *Arizona v. California*, 530 U.S. 392, 413 (2000) (citation omitted); *accord Eriline*, 440 F.3d at 655.

The applicable law for purposes of preclusion in federal court is the law of the tribunal in which the prior judgment was entered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord Exxon Mobil*, 544 U.S. at 293.  Under Maryland law, application of

res judicata requires satisfaction of three conditions:

> "(1) the parties in the present litigation are the same or in privity with the parties
> to the earlier litigation; (2) the claim presented in the current action is identical to
> that determined or that which could have been raised and determined in the prior
> litigation; and (3) there was a final judgment on the merits in the prior litigation."

*Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140, 43 A.3d 999, 1002 (2012); *accord*

*Powell v. Breslin*, 430 Md. 52, 63-64, 59 A.3d 531, 538 (2013).

It is clear that these conditions are satisfied here.  The parties to this case are identical to

the parties in the State court action; the complaint is a verbatim copy of the complaint in the

State court action; and the Circuit Court for Baltimore City issued a final judgment on the merits.

Accordingly, even if the *Rooker-Feldman* doctrine is not a jurisdictional bar to this action, this

Court must nevertheless give full faith and credit to the state court's judgment and dismiss this

suit on the basis of res judicata.

In addition, the case appears to have been filed beyond the statute of limitations.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law

looks to the law of the State in which the cause of action arose. This is so for the length of the

statute of limitations: It is that which the State provides for personal-injury torts."  *Wallace v.*

*Kato,*  549 U.S. 384, 387 (2007) (*citing  Owens v. Okure,* 488 U.S. 235, 249-250 (1989); *Wilson*

*v. Garcia,* 471 U.S. 261, 279-280 (1985)).  In Maryland, the applicable statute of limitations is

three years from the date of the occurrence.  *See* Md. Code, Cts & Jud. Proc. Article § 5-101.

Here, plaintiff complains of events occurring in January and February of 2012.  The

instant complaint was received on July 6, 2015, beyond the three year statute of limitations.  As

such, the complaint is untimely.

For all of these reasons, the Complaint shall be dismissed.  An Order follows.

Date:  July 20, 2015                             _____/s/_____
                                                 Ellen L. Hollander
                                                 United States District Judge